SCOTT D. CHENEY (Utah Bar #6198)
Assistant Utah Attorney General
MARK L. SHURTLEFF (Utah Bar #4666)
Utah Attorney General
Attorneys for Defendant State of Utah
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0150

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| ROGER JACKMAN, | **STATE OF UTAH'S MOTION TO DISMISS UNDER RULE 12(b)(6)** |
|---|---|
| Plaintiff, | |
| v. | Case No. 1:07-cv-00691 RWR |
| UNITED STATES OF AMERICA, ET AL., | Judge Richard W. Roberts |
| Defendants. | |

Defendant State of Utah, by and through counsel, Scott D. Cheney, Assistant Utah Attorney General, moves the Court to dismiss this case as to the State of Utah under Fed. R. Civ. Pro. Rule 12(b)(6). Plaintiff's *Complaint* fails to state a claim against the State of Utah and should be dismissed as a matter of law because: 1) The State of Utah is entitled to immunity from suit under the Eleventh Amendment to the United States Constitution; 2) The State of Utah is not a "person" for purposes of suit under 42 U.S.C. § 1983; and 3) Plaintiff's *Complaint* fails

to affirmatively link the State of Utah to any of the injuries or claims alleged in the *Complaint*. Accordingly, Plaintiff's *Complaint* fails to state a claim upon which relief may be granted against the State of Utah.

A Memorandum in Support of State of Utah's Motion to Dismiss has been filed simultaneously with this motion.

DATED this 4th day of September, 2007.

> MARK SHURTLEFF
> Utah Attorney General
>
> _____
> SCOTT D. CHENEY
> Assistant Utah Attorney General
> Attorneys for Defendants

## CERTIFICATE OF DELIVERY

I certify that on September 4th, 2007, I emailed this **STATE OF UTAH'S MOTION TO DISMISS UNDER RULE 12(b)(6)** to the District Court for the District of Columbia's generic mail box (dcd_cmecf@dcd.uscourts.gov), and mailed the same by U.S. mail, postage pre-paid to:

Roger Jackman
R# 10507-081
Federal Transfer Center
POB 098801
Oklahoma City, OK 73189

/s/ Yvonne Schenk

SCOTT D. CHENEY (Utah Bar #6198)
Assistant Utah Attorney General
MARK L. SHURTLEFF (Utah Bar #4666)
Utah Attorney General
Attorneys for Defendant State of Utah
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0150

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| ROGER JACKMAN, Plaintiff, v. UNITED STATES OF AMERICA, ET AL., Defendants. | **MEMORANDUM IN SUPPORT OF THE STATE OF UTAH'S MOTION TO DISMISS UNDER RULE 12(b)(6)** <br><br> Case No. 1:07-cv-00691 <br><br> Judge Richard W. Roberts |
|---|---|

Defendant State of Utah, by and through counsel, Scott D. Cheney, Assistant Utah Attorney General, submits this Memorandum in Support of the State of Utah's Motion to Dismiss under Fed. R. Civ. Pro. Rule 12(b)(6). The State of Utah requests that the court dismiss this case because the *Complaint* fails to state a claim upon which relief may be granted.

**I.   RULE 12(b)(6) STANDARD.**

When a claim is challenged under Federal Rule of Civil Procedure 12(b)(6), the court presumes all the allegations are true, and views the pleadings in a light most favorable to the

non-moving party. *Albright v. Oliver,* 510 U.S. 266, 268 (1994); *Bauchman v. West High Sch.,* 132 F.3d 542, 550 (10th Cir. 1997). The complaint must show that plaintiff is entitled to relief under each claim raised. *Id.* The court, however, need not accept any conclusory allegations in the complaint as true. *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989). Rule 12(b)(6) should terminate suits that "are fatally flawed in their legal premises and destined to fail." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.,* 988 F.2d 1157, 1160 (D. C. Cir. 1993). Plaintiff's suit naming the State of Utah is destined to fail as a matter of law. First, the State is immune under the Eleventh Amendment to the U.S. Constitution. Similarly, the State is not a "person" under 42 U.S.C. § 1983. Finally, Plaintiff's *Complaint* does not allege an affirmative causal link between acts of the State of Utah and Plaintiff's alleged injuries. Accordingly, Plaintiff is not entitled to the relief he seeks. Dismissal is appropriate under Rule 12(b)(6).

**II.    THE ELEVENTH AMENDMENT BARS SUIT.**

The Eleventh Amendment bars suit against a state in federal court, unless the state has expressly waived immunity. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Eleventh Amendment immunity applies to all suits brought in federal court, including Section 1983 suits. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). Immunity applies to the state, as well as to government entities that are "arms of the state." *Ambus v. Granite Bd. of Educ.*, 995 F.2d 992, 994 (10th Cir. 1993) (en banc), and applies regardless of the nature of the relief sought. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-45 (1993). Eleventh

amendment immunity is a matter of black-letter law, and applies in this case to bar Plaintiff from suing the State of Utah in this federal court.

**III.    THE STATE OF UTAH IS NOT A "PERSON" UNDER 42 U.S.C. § 1983.**

42 U.S.C. § 1983 provides a remedy against "[e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . .subjects or causes to be subjected . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and Laws..." 42 U.S.C. § 1983 (emphasis added). Section 1983 is the vehicle for bringing an action against state actors (persons) for alleged violations of the Constitution or of federal laws. *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995).

To be a proper defendant in a section 1983 action, the Defendant must be a "person" as that term has been defined by the courts. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). "Neither the state, nor a governmental entity that is an arm of the state for Eleventh Amendment purposes, nor a state official who acts in his or her official capacity, is a "person" within the meaning of § 1983." *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995); *Will*, 491 U.S. at 71. Because the State of Utah is not a "person" subject to suit under section 1983, all of Plaintiff's allegations that are arguably actionable under section 1983 fail as a matter of law. Plaintiff's *Complaint* should be dismissed with prejudice as to the State of Utah.

**IV.    THE COMPLAINT DOES NOT AFFIRMATIVELY LINK THE STATE OF UTAH TO PLAINTIFF'S ALLEGED CLAIMS OR INJURIES.**

In a § 1983 action, there must exist, and plaintiff must allege, an "affirmative link" between each defendant's conduct and the alleged constitutional violation. *Rizzo v. Goode*, 423

U.S. 362, 371 (1976). Liability under § 1983 hinges on the defendant's *actual* involvement in the alleged violation; the defendant must have *personally participated* in the alleged deprivation of protected rights, (*Id.* at 362, emphasis added), and the defendant's conduct must have been a *cause in fact* of the alleged constitutional deprivation. *Snell v. Tunnell*, 920 F.2d 673, 699 (10th Cir. 1990) (emphasis added). The alleged facts must include "the specific conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials." *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3rd Cir. 1987); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989).

Plaintiff's *Complaint* simply does not specifically allege how, when, where, or by whom the State of Utah personally participated in causing Plaintiff's alleged injuries. Without specific allegations of the State's causal participation, the *Complaint* does not state a claim upon which relief can be granted, and should be dismissed.

## CONCLUSION

Plaintiff's *Complaint* fails as a matter of law. Because the claims against the State of Utah are barred under the Eleventh Amendment, the State of Utah is not a "person," and because the *Complaint* does not allege an affirmative causal link, Plaintiff's *Complaint* fails to state a claim upon which relief may be granted. Dismissal is appropriate under Rule 12(b)(6).

Respectfully submitted this 4th day of September, 2007.

                    MARK SHURTLEFF
                    Utah Attorney General


                    _____
                    SCOTT D. CHENEY
                    Assistant Utah Attorney General
                    Attorneys for Defendants


## CERTIFICATE OF DELIVERY

I certify that on September 4th, 2007, I emailed this **MEMORANDUM IN SUPPORT OF THE STATE OF UTAH'S MOTION TO DISMISS UNDER RULE 12(b)(6)** to the District Court for the District of Columbia's generic mail box (dcd_cmecf@dcd.uscourts.gov), and mailed the same by U.S. mail, postage pre-paid to:

Roger Jackman
R# 10507-081
Federal Transfer Center
POB 098801
Oklahoma City, OK 73189

5

SCOTT D. CHENEY (Utah Bar #6198)
Assistant Utah Attorney General
MARK L. SHURTLEFF (Utah Bar #4666)
Utah Attorney General
Attorneys for Defendant State of Utah
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0150

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| ROGER JACKMAN, | **ORDER DISMISSING THE STATE OF UTAH AS PARTY DEFENDANT** |
|---|---|
| Plaintiff, | |
| v. | Case No. 1:07-cv-00691 RWR |
| UNITED STATES OF AMERICA, ET AL., | Judge Richard W. Roberts |
| Defendants. | |

Having received and reviewed the State of Utah's *Motion to Dismiss Under Rule 12(b)(6)* and the accompanying *Memorandum in Support*, the Court finds that the State of Utah enjoys absolute immunity from suit and liability under the Eleventh Amendment to the United States Constitution. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89 (1984); *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993).

Similarly, the State of Utah is not a "person" as that term has been defined under § 1983 jurisprudence. Accordingly, the State of Utah is not a proper defendant to this lawsuit. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Plaintiff's Complaint against the Defendant State of Utah therefore fails to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that the State of Utah's Motion to Dismiss is GRANTED and the State of Utah is DISMISSED as a party defendant.

DATED this _____ day of _____, 2007.

_____
Judge Richard W. Roberts
United States District Judge

**CERTIFICATE OF DELIVERY**

I certify that on September 4th, 2007, I emailed this **ORDER DISMISSING THE STATE OF UTAH AS PARTY DEFENDANT** to the District Court for the District of Columbia's generic mail box (dcd_cmecf@dcd.uscourts.gov), and mailed the same by U.S. mail, postage pre-paid to:

Roger Jackman
R# 10507-081
Federal Transfer Center
POB 098801
Oklahoma City, OK 73189

/s/ Yvonne Schenk