**JULIE GEORGE (6231)**
Attorney for Defendant
29 South State Street, Suite 007
P.O. Box 112338
Salt Lake City, UT 84147-338
Telephone: (801) 322-1751
Facsimile: (801) 359-4258

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA, CENTRAL DIVISION

| | |
|---|---|
| ROGER JACKMAN, | ) |
| | ) MOTION TO DISMISS COMPLAINT |
| Plaintiff, | ) AND REQUEST FOR COSTS |
| | ) |
| vs. | ) Case No. CA-07-691 RWR |
| | ) |
| UNITED STATES OF AMERICA, et al., | ) UNITED STATES JUDGE |
| | ) RICHARD W. ROBERTS |
| Defendant. | ) |
| | ) |

      Defendant, Julie George, a public defender on the Criminal Justice Panel for the State of Utah hereby requests this Court to dismiss the Complaint filed against her for the following reasons:

1) Lack of Subject Matter and Personal Jurisdiction. With all due respect, this Court does not have jurisdiction over Counsel Julie George, the federal employees, judges, jails or others named as defendants in this suit. Pursuant to Rule 2.5, 2.6, 2.7, 2.11, 2.13, and most specifically 2.14 of the Federal Rules of Civil Procedure. Rule 2.14. Specifies that a suit may be dismissed if the case is not filed establishing venue. The Courts look to the claims, the nature of the suit, the location of the witnesses, Plaintiff and the location where the cause of action arose. Here, all the actions of Julie George, the federal judges, the jails, the marshals and the court personnel took place in the State of Utah. See Rule 12(b)(1) authorizing this Court to dismiss the action for failure to state subject

matter jurisdiction. The facts above and in the Petition establish that the case lacks subject matter jurisdiction. Additionally the case lack personal jurisdiction for the same reasons and should be dismissed pursuant to Rule 12(b)(2) on the same facts. Counsel seeks a dismissal with prejudice.

Counsel seeks dismissal pursuant to Rule 12(b)(3) on the basis of lack of proper venue, again citing the above facts and those contained in the complaint.

Furthermore, the alleged claims of prison confinement, prison sexual assault, Cruel and Unusual Punishment, Exercise of Religion, Life Liberty and Due Process, Equal Protection, Enumeration of rights and violation of the Expost Facto Law are not claims that arose in Washington D.C., or in any state that prior counsel Julie George has ever been in. Nor have the claims arising therefrom have anything to do with counsel's contact with Mr. Jackman. Counsel asserts the case as to her is frivolous, is filed in the wrong venue and fails to state a claim for which relief can be granted.

2) Lack of Timely and Personal Service. Mr. Jackman filed his case on March 8, 2007 and that date under Rule 3 is deemed as the date the action was commenced. The Court docketed the complaint as filed on April 17, 2007. Counsel did not pay to receive it until August 16, 2007. Pursuant to Rule 3 of the Federal Rules of Civil Procedure the case should be dismissed as it was 144 days after it was commenced.

Under Rule 4 and 5 counsel asserts that this action is not deemed properly "served" as failure to provide postage pre-paid should deem that Plaintiff (if deemed as proper service, see response below) did not "serve" counsel with the Complaint. He had this Court send a document without postage to the attorney's office. The complaint, summons and other documents therein came with postage due to the Defendant. Counsel did not pick up the mail however the person who did was told he had to pay $6. 28 for the letter purporting to be personal service. This does not comport with the rules for civil petitions filed in the federal court system. Counsel seeks dismissal pursuant to

Rule 12(b)(4-5) on the basis of insufficient service of process.

3) This action is in violation of Rule 8 of the Federal Rules of Civil Procedure in that it fails to state a Claim for Relief that can be granted against Julie George. It is filed in bad faith against Julie George in that it does not allege any action for which prior public defender counsel had any control over during the duration of the case. This entire action should be dismissed as it contains a lack of Claims for which prior counsel has caused in the allegations in this case. Counsel's contact with Mr. Jackman was as follows:

Counsel represented Mr. Jackman in federal court after his prior CJA counsel withdrew. Julie George was appointed by the Utah Federal Central District Court. Counsel investigated the case, reviewed the evidence, negotiated a plea and assisted in communication of Mr. Jackman with family so they could support him at sentencing. Counsel filed downward departures and worked on obtaining the sentence for Jackman that essentially pulled him out of the minimum enhancement for his prior conviction of molestation of a young boy. Mr. Jackman received a minimal sentence based on the type of child pornography he possessed, his prior conviction for molestation and the allegations of grooming and sexual conduct of his young lover at the time of the filing of the initial investigation. Moreover the acts of molestation of another young boy that had been in Mr. Jackman's home were not used to increase his sentence. Additionally other enhancements based on the very young age of the victims in the photographs, the acts they were being forced to perform and the great volume of files with photos of the children were either not applied or not enhanced to fullest extent of the law.(Violations of 18 U.S.C.1591, 2251, 2260, 2256, and enhancements contained in the United States Sentence Guidelines 2G2.1 that were mandatory at the time of sentence).

Counsel' representation of Mr. Jackman was thorough and was deemed to be effective legal representation of Mr. Jackman in his 2255 case that was dismissed in Utah Federal Court last year.

Counsel's representation, the plea and the ultimate sentence were reviewed at that time and dismissed by Judge Paul Cassell after reviewing the original case adjudicated by Judge David K. Winder of Utah.

The claims in this civil action do not deal with counsel's representation, the plea, the sentence, or the way counsel handled the evidence, the enhancements or the departures. The only contact counsel has had with Mr. Jackman since his sentence was to re-send him the copies of his discovery on two occasions. Counsel informed Mr. Jackman at that time that she could not, nor would she, send him copies of the pictures of the child pornography that were seized as evidence in the case. To possess, re-produce or mail such pictures is in itself a violation of federal law. Indeed it is the law Mr. Jackman was accused of violating. If this the claim of a Due Process Violation then Counsel cannot, and will not, violate federal law to provide Mr. Jackman copies of evidence containing such material. To force counsel to break a federal law in order to avoid violating a prisoner's due process rights is not a claim that is actionable under federal law and therefore this Petition should be dismissed. Rule 12(b)(6) provides that dismissal is proper under a frivolous and misplaced Petition such as the one filed by Mr. Jackman. Although he is unhappy in prison, he could possibly be serving many more years than he is doing right now due to the actions of the defense, prosecution, judiciary and staff. Naming them in such a suit is without merit. This case lacks "asserts a legal theory that is not cognizable as a matter of law or because it fails to allege sufficient facts to support a cognizable legal claim." See Rule 12(b)(6). This claim is legally frivolous and even though the Courts give some latitude to pro se filings, this case against prior defense counsel is without merit and should be dismissed outright. Rule 12(b)(6).

4) Counsel requests that this Court dismiss, with prejudice, this action against her on the basis that this complaint is a violation of Rule 11(b) and is filed under Bad Faith, Frivolous Arguments of the Law, failure to mitigate damages and filing in the wrong forum for redress.

5) Counsel notifies the Plaintiff of the defenses contained in Rule 12 et. Seq. Counsel seeks to have Plaintiff pay any cost or expense for travel, lodging, loss of wages, and any other reasonable expense for travel to any jurisdiction to defend this action.

Counsel asserts that this petition is frivolous, that it should be dismissed on its face and that the time and expense of reviewing Mr. Jackman's file, legal research on civil matters in federal law and the filing of the answer and Motion to Dismiss should be reimbursed. Counsel has spent a total of 9.5 hours in this matter and requests that pursuant to the current C.J.A. rate of $94.00 per hour that counsel be awarded a total $893.00 to be deducted from Mr. Jackman's prison commissary account upon final judgment in this case.

In the event that this Court will not dismiss the Complaint counsel seeks to have all defendants join after proper service and Counsel seeks leave to file a Counter Claim.

DATED this _____ day of _____, 2007.

_____
JULIE GEORGE

CERTIFICATE OF SERVICE

    I hereby certify that on the ____ day of _____, 2007, true and correct copy of the foregoing was mailed, postage prepaid, to the following:

INMATE ROGER JACKMAN
R310507-081
FEDERAL TRANSFER CENTER
P.O. BOX 098801
OKLAHOMA CITY, O.K. 73189

                                                                    _____