# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROGER JACKMAN,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| | ) |
| | ) **Civil Action No. 07-0691 (RWR)** |
| **v.** | ) **(ECF)** |
| | ) |
| **UNITED STATES, et al.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## FEDERAL DEFENDANTS' MOTION TO DISMISS

The United States of America, the Department of Justice, the Bureau of Prisons ("BOP"),

its various related entities named herein and Michaeleen Powanda ("Powanda") (collectively

"Defendants"), by and through the undersigned counsel, hereby submit this Motion to Dismiss

Roger Jackman's ("Plaintiff") complaint pursuant to Fed. R. Civ. P. 12(b)(1), (b)(2), (b)(3),

(b)(5) and (b)(6).

In support of this motion, the Court is respectfully referred to the accompanying

Memorandum of Points and Authorities and to the entire record in this case. A proposed Order

consistent with relief sought is attached.

Pro se Plaintiff is hereby advised that failure to respond to a dispositive motion may result

in the district court granting Defendants' motion and dismissing this case. *Fox v. Strickland*, 837

F.3d 507, 509 (D.C. Cir 1988).

November 19, 2007                    Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157
(202) 514-8780 (facsimile)

Ann H. Zgrodnik
Senior Counsel
Litigation Branch
Office of General Counsel
Bureau of Prisons

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
**ROGER JACKMAN,**                      )
)
**Plaintiff**                  )
)
)  **Civil Action No. 07-0691 (RWR)**
**v.**                         )  **(ECF)**
)
**UNITED STATES, et al.**               )
)
**Defendants.**                )
_____)

**FEDERAL DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS PLAINTIFF'S COMPLAINT**

**I.    INTRODUCTION AND SUMMARY**

Roger Jackman ("Plaintiff"), *pro se*, Register Number 10507-081, was sentenced in the

United States District Court for the District of Utah to a 135 month term of imprisonment with a

60 month term of supervised release to follow for Sexual Exploitation of Children in violation of

18 U.S.C. §2251.  *SENTRY Public Information Inmate Data*.  Plaintiff brings this action pursuant

to 42 U.S.C. 1983.  *Pl. Compl*. at 3.  In his complaint, Plaintiff appears to allege various

constitutional claims against the United States of America and its agents.[1]  The only Federal

employee that Plaintiff identifies by name is Michaeleen Powanda, a Physician's Assistant, FCI

---

[1]    Plaintiff names the Department of Justice (Management and Policy Makers); the
Bureau of Prisons (Management and Policy Makers); BOP National Office of General Counsel
(Management and Policy Makers); BOP Regional Offices (North Central, Northeastern,
Southeastern Management and Policy Makers); Wardens, Assistant Wardens, Policy Makers,
Captains, Lieutenants, SHU Lieutenants, SHU Property Officers at FCI Ray Brook; Direct Unit
Managers, Counselors, Supervisors of Education, Opticians, Dentists, Chief Medical Officers- At
time of incarceration at FCI Allenwood, FCI Florence, FCI Schuylkill, FCI Ray Brook, FCI
Jesup, USP Lewisburg, and USP Atlanta; Unknown Officer, FCI Florence.

Allenwood ("Powanda").[2]  In other words, Plaintiff appears to allege constitutional claims against three groups: governmental entities, e.g. BOP and FCIs; unnamed "management and policy makers," wardens, supervisors, etc; and Powanda, the only specifically-named individual Federal Defendant but without any specific allegations about how Powanda's conduct violated Plaintiff's rights.  Plaintiff alleges violations of his constitutional rights under the First, Fifth and Eighth Amendments as well as a violation of the constitution's ex post facto clause.  Plaintiff is seeking equitable and monetary relief.  Specifically, although he only names one Federal Defendant individually, he is seeking $20 million in damages and an additional $500,000 from each unidentified Federal Defendant.

Because there has been no waiver of sovereign immunity, Plaintiff's 1983 claims are barred and should be dismissed.  Relatedly, Plaintiff cannot maintain a 1983 action against federal agents acting under federal authority.  Also, Plaintiff cannot maintain an action for violation of his constitutional rights against "management and policy makers," wardens in their official capacities because there has been no waiver of sovereign immunity.  Finally, Plaintiff has failed to plead sufficient facts to establish personal jurisdiction over any of "management and policymakers" or Powanda and this is not the proper venue for this action as the actions Plaintiff alleges violated his constitutional rights took place outside this District.  Accordingly, Plaintiff's complaint should be dismissed with prejudice.

---

[2]     Although named in the complaint, it appears from the docket entries that Federal Defendant Powanda has never been officially served with a copy of the complaint as required by the Federal Rules.  Nor has Plaintiff alleged with even a modicum of specificity what conduct on Defendant Powanda's part violated his constitutional rights.

## II.  <u>FACTUAL BACKGROUND</u>

In his complaint, Plaintiff alleged that Federal Defendants knowingly and willfully placed him in unsafe housing conditions that posed an immediate threat to his physical and psychological well being.  *Pl. Compl*. at four, ¶¶2-7.  Plaintiff makes general allegations that Federal Defendants allowed or encouraged physical, sexual and psychological harassment, and abuses to include rape, torture, extortion and theft of personal property.  *Id*.  He adds that the current facility where he is housed is inadequate and that a transfer to another facility of the same type is a violation of his rights and liberties.  *Id*.  Plaintiff claims that the Federal Defendants violated his fundamental liberties by denying him shoes, outdoor exercise, and allowing continual harassment by other inmates while housed in the Special Housing Unit.  *Id*. at 5, ¶10.  Plaintiff further claims that he has also been denied his right to medical, dental, and optical care.  *Id*. at 6, ¶13.  Plaintiff also alleges that he has been denied access to the courts and adequate time at the law library.  *Id*. at 7, ¶21.  Finally, Plaintiff alleges that the Adam Walsh Act is a violation of the ex post facto clause of the constitution because it constitutes additional punishment of inmates on top of the sentence being served.  *Id*. at 8, ¶¶24-26.  He also alleges that the Act is discriminatory because it only applies to sex offenders.  *Id*.

In relief, Plaintiff requests an immediate injunction ordering him to be removed from the penal system and placed on house arrest.  *Id*., at 9, ¶30.  He also requests to be allowed access to outside medical, dental, optical, and psychological care needed for recovery. *Id* at ¶31. Plaintiff requests that his guardian be paid an annual amount of half of the amount paid to the BOP each year for his upkeep.  *Id*. at 9, ¶32.  Also, he requests that the Adam Walsh Act registration, web sites and all other requirements of sex offenders be suspended.  *Id*., ¶33.  Plaintiff further

3

requests that funding be appropriated for the treatment of sex offenders and that all facilities

receive completed basic law library materials for special housing areas.  Finally, he requests

twenty million dollars and five hundred thousand dollars in penalties from each Federal

Defendant.  *Id*. at 10, ¶36.  Notably, although he only names one Individual Defendant, whose

specific conduct is not set forth, Plaintiff appears to be saying the Federal Defendants are being

sued in their official capacities.

### III.    STANDARD OF REVIEW

In resolving a motion to dismiss, pursuant to Rule 12(b)(6), the court must construe the

factual allegations in the complaint in the light most favorable to plaintiff, but need not accept

the legal conclusions or allegations without factual support in the allegations made.  *Bell Atl.*

*Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  The Court is limited to considering facts

alleged in the complaint, any documents attached to or incorporated in the complaint, matter of

which the court may take judicial notice, and matters of public record.  *EEOC v. St. Francis*

*Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).[3]  Here, Plaintiff's complaint is

defective on several levels.  First, the fact that Plaintiff's complaint is barred by sovereign

immunity and that he cannot maintain constitutional claims against federal institutions or

---

[3]    Generally speaking, the Court should not consider matters beyond the pleadings
without converting the motion for summary judgment.  Fed. R. Civ. P. 12(b)(6).  Nonetheless,
there are important exceptions to this general principle.  The Court may properly take judicial
notice of court records without converting a motion to dismiss into a motion for summary
judgment.  *Baker v. Henderson*, 150 F. Supp. 2d 17, 19 n.1 (D.D.C. 2001)("in determining
whether a complaint fails to state a claim, the court may. . . take judicial notice of matters of a
general public nature, such as court records, without converting the motion to dismiss into one
for summary judgment."); *Himmelman v. MCI Communications*, 104 F. Supp. 2d 1, 3 (D.D.C.
2000)("The court may consider [on a motion to dismiss] the allegations of the complaint,
documents attached to or specifically referred to in the complaint, and matters of public record.")

officials in their official capacities mandates dismissal. Furthermore, Plaintiff cannot maintain this action for violations of his constitutional rights because his reference to "management and policy makers" and wardens, etc, does not adequately state a sufficiently specific claim or specify conduct of these individuals. The only Federal Defendant mentioned by name is Powanda and even there he appears to be suing her in her official capacity, and Plaintiff fails to plead sufficient facts to state a claim. Therefore, Plaintiff cannot maintain this action against Powanda or any unnamed Federal Defendant.

## IV.    LEGAL ARGUMENT

### A.    Sovereign Immunity Bars Section 1983 Claims Against Federal Defendants

The Federal Defendants may not be sued under 42 U.S.C. §1983. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Congressional consent to suit in this Court, a waiver of the government's traditional immunity, must be explicit and strictly construed. *Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986). Absent clear congressional consent to entertain a claim against the United States, the District Court lacks authority to grant relief. *United States v. Testan*, 424 U.S. 392, 399 (1976). "Sovereign immunity is jurisdictional in nature." *Meyer*, *supra*, 510 U.S. at 475. This Circuit has explicitly held that sovereign immunity bars the BOP from liability under § 1983. *Galvan v. Fed. Prison Ind.*, 199 F.3d 461, 462 (D.C. Cir. 1999).

Thus, Plaintiff's § 1983 claim must be dismissed as to the United States, the Department of Justice, Bureau of Prison and its related agencies and prisons. Moreover, Plaintiff names

several "management and policymakers" and Federal Defendant Powanda as Defendants but the Circuit's law is clear that section 1983 claims do not apply to federal officials acting under federal rather than state law. *Williams v. U.S.A.*, 396 F.3d 412 (D.C. Cir. 2005) (upholding the lower court's refusal to construe a 1983 claim as a *Bivens* claim). Therefore, Plaintiff's complaint should be dismissed to the extent that it alleges claims against Federal Defendants based on section 1983.[4]

## B. The Court Lacks Personal Jurisdiction over all Federal Defendants named or unnamed-Fed. R. Civ. P. 12(b)(2)

Even if Plaintiff were suing Powanda and the unnamed individuals personally, the Court would lack personal jurisdiction over them. There would be no in personam jurisdiction in this case because Plaintiff has not shown that any of the named or unnamed Federal Defendants are residents of the District of Columbia.

### i. Plaintiff's Burden

Plaintiff bears the burden of pleading the facts necessary to substantiate in personam jurisdiction in this Court. *Kernan v. Kurz-Hastings, Inc*., 175 F.3d 236, 240 (2d Cir. 1999). As explained by this Court in *Edmond v. U.S. Postal Service*, 727 F. Supp. 7, 10 (D. D.C. 1989), *aff'd* in part and *rev'd* in part on other grounds, 949 F.2d 415 (D. C. Cir. 1991):

> A plaintiff in district court must plead essential jurisdictional facts and must carry throughout the litigation the burden of showing that he is properly in court. "If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be

---

[4]    To the extent that Plaintiff is suing these individuals for damages for constitutional violations in their official capacities, the claim is barred. *E.g.*, *Monell v. Dept of Social Security*, 436 U.S. 658, 690 n.55 (1978).

established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

Plaintiff has failed and cannot meet his burden to establish such necessary facts.

ii.  D.C. Code §13-423, the "Long Arm" statute

*In personam* jurisdiction may be maintained by the United States District Court for the District of Columbia only if permitted by the "long arm" laws of the District of Columbia. *Crane v. Carr*, 814 F. 2d 758, 762 (D.C. Cir. 1987).  The District of Columbia exercises personal jurisdiction based upon the  D.C. Code's "long arm" statute at D.C. Code §13-423 (2000), which states in relevant part:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's--
>
> (1) transacting any business in the District of Columbia;
> (2) contracting to supply services in the District of Columbia;
> (3) causing tortuous injury in the District of Columbia by an act or omission in the District of Columbia;
> (4) causing tortuous injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
> (5) having an interest in, using, or possessing real property in the District of Columbia;
> (6) contracting to insure or act as surety . . . ; or
> (7) marital or parent and child relationship. . . .
>
> (b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.

7

In this case, Plaintiff's pleading could not establish proper *in personam* jurisdiction in this court under § 13-423. *Crane* 814 F.2d at 762. First, it is undisputed that Federal Defendant Powanda does not reside in this District. *Docket Entry* 27. Plaintiff does not allege, let alone demonstrate, that any of the unnamed Federal Defendants resides in the District of Columbia. On the contrary, Federal Defendant Powanda and others Plaintiff refers to as management and policy makers as well as Wardens and Correctional Officers appear to reside in locations outside of this District where Plaintiff has been incarcerated.

Moreover, the Plaintiff does not allege that any of these above referenced Federal Defendants transacted any business or contracted to supply services in the District of Columbia, nor have they caused any tortious injury in the District of Columbia. Moreover, *in personam* jurisdiction cannot be predicated on the provisions of the sections (a)(3) and (4) of the "long arm" statute because the plaintiff does not and cannot claim that the Federal Defendants at the various federal prisons where he has been housed outside the District caused him tortious injury within the District of Columbia. There is no *act* or *injury* alleged to have been accomplished within the District of Columbia by any of these Federal Defendants. Any injury to Plaintiff necessarily took place outside the District of Columbia, since he was never housed here and all allegations in this action pertain to his incarceration in various prisons outside this District. Therefore, this Court would lack personal jurisdiction over Powanda or any of the other Federal Defendants Plaintiff attempts to name for activities taking place outside the District of Columbia.[5]

---

[5] Although Plaintiff appears to name as defendants national DOJ and BOP policymakers that potentially could be found in this District, such claims must be dismissed because constitutional claims may not be premised on respondeat superior theory. *Cameron v.*

iii.  In Personam Jurisdiction Requires "Minimum Contacts"

In order for the District Court for the District of Columbia to have personal jurisdiction

over a non-resident defendant, jurisdiction must be proper under both the District of Columbia

long-arm statute and consistent with the demands of due process.  *United States v. Ferrara*, 54

F.3d 825, 828 (D.C. Cir. 1995); *Crane v. Carr*, 814 F.2d 758, 762 (D.C. Cir. 1987).  "Since the

District of Columbia's long-arm statute has been held to extend as far as the Due Process Clause

allows, *Mouzavires v. Baxter*, 434 A.2d 988 (D.C. 1981) (*en banc*), *cert. denied*, 455 U.S. 1006

(1982), personal jurisdiction exists when the defendant has purposely established minimum

contacts with the forum state and when the exercise of jurisdiction comports with 'traditional

notions of fair play and substantial justice.'  *Asahi Metal Indus. Co. v. Superior Court of Cal.*,

480 U.S. 102 (1987)."  *Wiggins v. Equifax Inc.*, 853 F. Supp. 500 (D. D.C. 1994).  "Plaintiff's

claim for relief must arise from the defendants' contacts with the District of Columbia and his

'claims must bear some relation to the acts in the District that are relied upon to confer personal

jurisdiction.' [D.C. Code] § 13-423(b).  *Bayles v. K-Mart Corp.*, 636 F. Supp. 852, 854 (D.D.C.

1986)."  *Id*. at 502.

Again, the burden would be on the Plaintiff to establish that this Court could exercise

personal jurisdiction over non-resident Federal Defendants consistent with the Due Process

Clause.  *Blumenthal v. Drudge*, 992 F. Supp. 44, 53 (D. D.C. 1998).  Plaintiff in this case has

wholly failed to allege such facts, and the allegations against all these Federal Defendants do not

establish "minimum contacts" necessary to confer personal jurisdiction upon the District Court

for the District of Columbia.  The mere fact that some Federal Defendants are employees of the

---

*Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993)

BOP and the Central Office of that agency happens to be in Washington, D.C., is insufficient to establish the requisite "minimum contacts" with the District of Columbia. *Cameron v. Thornburgh*, 983 F.2d 235, 256 (D.C. Cir. 1993); *James v. Reno, et al.*, No. 99-5081, 1999 WL 615084 (D.C. Cir. Jul. 2, 1999) (Inmate's security classification and transfer request made in Texas; both federal prisons at issue located in Texas; no injury suffered in the District of Columbia; mere fact that White and Snider are employees of the Bureau of Prisons based in D.C. insufficient to establish requisite "minimum contacts" with District); *Meyer v. Reno*, 911 F. Supp. 11, 14 (D.D.C. 1996) (Bureau of Prisons employee who works at FCI Memphis, Tennessee and three Florida State Attorneys not alleged to conduct any business or make any contracts for services and no injury alleged to have been suffered in the District of Columbia, so court cannot exercise jurisdiction over them).

The presence in the District of Columbia of the defendants must be "continuous and systematic" and relative to the claim to meet the "minimum contacts" requirement. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). Here, these non-resident Federal Defendants lack the requisite minimum contacts with the District of Columbia because the operative facts of any claim herein arose in at the various institutions where Plaintiff has been incarcerated none of which can be found in this District. Therefore, Federal Defendants' motions to dismiss under Rule 12(b)(2) should be granted, and they should be dismissed from this suit.

**C.     Venue Is Improper – Fed. R. Civ. P. 12(b)(3).**

To the extent that Plaintiff's complaint can be construed as making claims against the Federal Defendants personally, it must be dismissed under Fed. R. Civ. P. 12(b)(3). Under § 1391(b), such a cause of action may be brought only in a judicial district where: (1) any

defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) any defendant may be found if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).

Historically, the D.C. federal courts do not permit inmates incarcerated in other jurisdictions to challenge conditions of confinement in this district simply because it is the location of the Bureau's Central Office.  The BOP has over 170,000 inmates in over 100 institutions nationwide.  *See www.bop.gov* ("public information, quick facts and statistics").  Courts  recognize the danger of giving all federal inmates the opportunity to bring their claims here in the district: "Courts in this circuit must examine the challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia."  *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993).

In this case, venue is not proper in this court under 28 U.S.C. § 1391(b) because none of the unnamed Federal Defendants reside in the District of Columbia and all of the alleged events or omissions giving rise to Plaintiff's claims took place at BOP facilities located outside the District of Columbia.  Because venue is improper, the Court should dismiss plaintiff's constitutional claims under Federal Rule of Civil Procedure 12(b)(3).[6]

**D.    Plaintiff Has Not Perfected Service Against Individual Defendants – Fed. R. Civ. P. 12(b)(5)**

To the extent that Plaintiff is attempting to sue the Federal Defendants personally, he has

---

[6] Under 28 U.S.C. § 1406(a), if the venue is improper, the court may transfer the case to a district where it could have been properly brought in the interest of justice.  However, the claims in this case would be subject to dismissal no matter where the transfer for all of the reasons stated herein.  Therefore, outright dismissal better serves the interests of justice.  *See Simpkins v. District of Columbia Government*, 108 F.3d 366 (D.C. Cir. 1997).

failed to procure proper service. *Docket Entry* 12, 27. None of the unnamed or named Federal Defendants in this action has been properly served with the summons and complaint in accordance with the rules applicable to individual defendants. *Simpkins v. District of Columbia Government*, 108 F.3d 366, 369 (D.C. Cir. 1997). It is well established that, in an action against federal employee in their individual capacity, the individually-sued defendant must be served with process in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. *Id.* Rule 4(e) provides that service is effectuated by complying with the laws of the state for such in which the district court is located by delivering a copy of the summons and complaint to the defendant (or his appointed agent) personally, or by leaving copies thereof at the defendant dwelling house or usual place of abode with some person of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e). The SCR-Civil 4(e)(2) allows for service upon individuals by first class, certified or registered mail. Actual notice will not, of course, substitute for technically proper service under Rule 4 and will not permit the Court to render a personal judgment against an individually-sued defendant. *Sieg v. Karnes*, 693 F.2d 803 (8th Cir. 1982); *See also Stafford v. Briggs*, 444 U.S. 527 (1980).

In this case, it is undisputed that Plaintiff has failed to serve Federal Defendant Powanda or any of the Federal Defendants named as "management and policymakers," wardens, supervisors as required by the rules. Service at the defendants' place of employment is not proper service. Because the record in this action is devoid of any evidence of proper personal service upon the federal defendants in their individual capacities, this action cannot proceed against them individually and all claims against the Federal Defendants in their individual capacities should be dismissed.

To the extent Plaintiff attempts to sue them individually, the District Court lacks jurisdiction over the federal officials individually, until *all* of the provisions of Rule 4(i)(1) and (2) are met. *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 116 (6th Cir. 1988); *Sanchez-Mariani v. Ellingwood*, 691 F.2d 592, 594 (1st Cir. 1982). It is the plaintiff in a civil action who has the burden of establishing the validity of service of process. *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993); *Lensel Lopez v. Cordero*, 659 F. Supp. 889, 890 (P.R. 1987). Therefore, if that cannot be demonstrated, this case should be dismissed against the officials individually based upon insufficiency of service of process under Rule 12(b)(5). Accordingly, claims against the Federal Defendants should be dismissed.

### E. Plaintiff Fails to State a Claim Upon Which Relief Can be Granted – Fed. Rule Civ. P. 12(b)(6)

#### 1. Plaintiff states no basis for constitutional claims brought against the named or unnamed Federal Defendants and respondeat superior may not be the basis of a *Bivens* suit

Respondeat superior has been consistently rejected as a basis for the imposition of §1983 or *Bivens* liability. *Marshall v. Reno*, 915 F.Supp. 426, 430 (D.D.C. 1996); *see also Monell v. Dep't of Social Srvcs*, 436 U.S. 658, 691 (1978); *Boykin v. District of Columbia*, 689 F.2d 1092, 1097-99 (D.C. Cir. 1982); *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1987). In the absence of allegations that the named defendants personally participated in the events that gave rise to the plaintiff's claims or any corroborative allegations to support the inference that these defendants had notice of or acquiesced in such events, dismissal is appropriate. *Marshall* at 429-30. *See also Cameron v. Thornburg*, 983 F.2d 253, 258 (D.C. Cir. 1993) (complaint

naming Attorney General and BOP Director as defendants based on theory of respondeat superior, without allegations specifying their involvement in the case, do not state *Bivens* claim); *Rizzo v. Goode*, 423 U.S. 362 (1976) (defendants in *Bivens* action dismissed if no personal involvement or participation in alleged unconstitutional actions).

In the instant case, Plaintiff fails to set forth any specific allegations of direct involvement or participation by any of the unidentified Federal Defendants he attempts to name as "management and policymakers" or, for that matter, Powanda. The complaint is devoid of facts linking these Defendants to Plaintiff's alleged injuries. As in *Cameron*, with regard to the 'management and policymakers," wardens and supervisors Federal Defendants, Plaintiff seems to be basing his claim on an assumption that based on their positions, they bear responsibility for the acts of their subordinates. This is an insufficient basis upon which to maintain a *Bivens* claim. *See Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff fails to state a claim because supervisors are not liable because of their role in the administrative grievance process over Plaintiff's discipline. *Harrison v. Lappin*, 2005 WL 752189, *4 (D.D.C. 2005) ("mere fact that [defendant] supervises other BOP staff who may have addressed plaintiff's inmate grievances is not a sufficient basis to hold [him] liable for their alleged unconstitutional action."). The same is true of Powanda, whose involvement in violating his constitutional rights plaintiff fails to even explain. Therefore, Plaintiff's complaint should be dismissed for want of pleading specificity to the extent he attempts to assert claims against Federal Defendants.

### F. Plaintiff Has Failed to Exhaust His Administrative Remedies under the PLRA

Plaintiff has failed to exhaust his administrative remedies with regard to the claims raised

14

in this lawsuit. The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust "such administrative remedies as are available" before bringing a civil action in federal court regarding prison conditions. 42 U.S.C. § 1997e(a). In *Booth v. Churner*, a unanimous Supreme Court held that the PLRA requires inmates to complete all stages of any prison administrative remedy process capable of addressing the inmate's complaint and providing some form of relief. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Exhaustion is now required for all actions brought under any federal law with respect to prison conditions. *Porter v. Nussle*, 534 U.S. 516, 524, 534 (2002) (holding that the PLRA exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes). "Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id.* at 524-25. Therefore, the court must dismiss an inmate's claim if the inmate has failed to exhaust his administrative remedies. *See Booth*, 532 U.S. at 741 (affirming dismissal of the case for failure to complete exhaustion of the inmate's administrative remedy appeals).

The BOP has implemented a three-tiered administrative remedy procedure under 28 C.F.R. § 542.10 to review any complaint regarding an inmate's confinement. The procedure requires an inmate first to file a complaint with the institution staff.[7] If dissatisfied with the response at that level, the inmate may appeal to the Regional Director. If the Regional Director denies the inmate's appeal, the inmate may then bring a final appeal to the General Counsel in

---

[7] However, complaints regarding a disciplinary hearing are filed first at the region rather than institution level.

15

the Central Office of the Bureau of Prisons.  An administrative remedy is not considered

exhausted until the last level of review.

In the present case, Plaintiff failed to exhaust his administrative remedies concerning any

of the issues he addressed in his complaint.  *Declaration of Bruce Plumley*, ¶11.  Records

indicate that Plaintiff has submitted a total of nine administrative remedy requests and appeals

while incarcerated in Bureau of Prisons. *Id*. at ¶4.  However, none of these submissions were

pursued to exhaustion.  *Id*. at ¶11.  Since Plaintiff has failed to exhaust his administrative

remedies, cited no authority or pled sufficient facts to demonstrate imminent harm, *Ibrahim v.

District of Columbia*, 463 F.3d 3 (D.C. Cir. 2006), he has not complied with the PLRA

mandatory exhaustion requirements regarding the claims brought in this lawsuit and the court

should dismiss his complaint.

### G.  Plaintiff Fails to Allege That His Constitutional Rights were Violated

i.     Plaintiff Fails to Demonstrate That Defendants Were Deliberately
       Indifferent to His Medical Needs in Violation of the Eighth Amendment

Plaintiff vaguely alleges Federal Defendants deprived him of his right to medical, dental,

and optical care, access to doctors, psychological treatment and rehabilitation programs.  Compl.

at ¶¶13-18.  Because plaintiff has failed to articulate a claim under the Eighth Amendment of the

United States Constitution, the complaint should be dismissed as to each named defendant.

In order to prevail on an Eighth Amendment claim, plaintiff must prove that he has a

serious medical need and that the defendant acted with deliberate indifference to his serious

medical needs.  *Arnold v. Moore*, 980 F.Supp. 28, 34 (D.D.C.1997) *citing Estelle v. Gamble*, 429

U.S. 97, 104 (1976).  Deliberate indifference requires the plaintiff to prove that a prison official:

(1) was deliberately indifferent in his response to the prisoner's needs; (2) intentionally denied or delayed access to medical care; or (3) intentionally interfered with the treatment prescribed. *Estelle*, 429 U.S. at 105.

Plaintiff has not pled facts sufficient to meet this standard.  Plaintiff's allegations of mistreatment rest entirely on his own personal belief that he did not receive adequate medical treatment while incarcerated in the BOP. Plaintiff has no support to substantiate his claim that he complained about lack of medical treatment while incarcerated at any of the BOP facilities, even though he had an administrative remedy request process available to him if staff did not respond to his concerns.  The allegations contained in this complaint are simply vague and conclusory.

Plaintiff's claim that Federal Defendants disregarded the risk verbal harassment and threats created by his placement in segregation is similarly unfounded.  A constitutional claim based only on verbal threats will fail, moreover, whether it is asserted under the Eighth Amendment's ban on cruel and unusual punishment or under the Fifth Amendment's substantive due process clause.   It is well established that verbal harassment or threats of the sort Plaintiff alleges, without some reinforcing act accompanying them, do not state a constitutional claim. *MacLean v. Secor*, 876 F.Supp. 695, 698 (E.D. Pa 1995).

ii.     Plaintiff Is Not Entitled To The Relief Requested, Because He Has No Protected Liberty Interest In Being Assigned To A Particular Institution

Plaintiff alleges that the institution he is currently housed at is inadequate and that a transfer to another institution is a violation of his rights and liberties.  Pl. Compl. at 4.  As relief, he requests to enjoin the BOP from housing plaintiff in any penal institution and requests that he be placed on house arrest.  *Id.* at p. 9.  This claim lacks merit, because federal prisoners do not

17

have a protected liberty interest in being assigned to a particular institution.

It is well settled that in general, an inmate does not have a liberty interest to a particular security classification. *Sandin v. Conner*, 515 U.S. 472, 486 (1995). Moreover, there is no right in the Constitution in an inmate to be assigned to a particular institution or program. *Olim v. Wakinekona*, 461 U.S. 238 (1983). In *Moody v. Daggett*, 429 U.S. 78 (1976), the Supreme Court addressed a challenge to the impact of a detainer on prison programming. The Court noted:

> We have rejected the notion that every state action carrying adverse consequences for prison inmates automatically activates a due process right. In *Meachum v. Fano*, 417 U.S. 215 . . . (1976), for example, no due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a "grievous loss" upon the inmate. The same is true of prisoner classification and eligibility of rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. §4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process. 419 U.S. at 88 n.9

In *Pugliese v. Nelson*, 617 F.2d 916, 923-925 (2d Cir. 1980), the Second Circuit found that the statutes vested in the Attorney General "complete and absolute discretion with respect to the incarceration, classification, and segregation of lawfully convicted prisoners." 617 F.2d at 923. The authority of the Attorney General under these statutes has been delegated to the Federal Bureau of Prisons. 28 C.F.R. §0.96.

Under 18 U.S.C. §3621 (1987), the discretion to designate the place of incarceration has been retained and specifically conferred in the Bureau of Prisons. *United States v. Laughlin*, 933 F.2d 786 (9th Cir. 1991). Because inmates have no protected liberty interest in being assigned to a particular institution, plaintiff is not entitled to the relief requested. As such, plaintiff's

18

allegations regarding his transfer should be dismissed. Plaintiff's ex post facto claims should also be dismissed because the Adam Walsh Act does not substantially increase the likelihood or longer incarceration. *See Smith v. Doe*, 538 U.S. 84 (2003) (holding that an Alaska sex offender reporting statute did not violate the ex post facto clause because it was not intended to be punitive); *U.S. v. Lang*, 2007 U.S. Dist. Lexis 56642 (W.D. Okla 2007) (noting that the Adam Walsh Act is similar to the Alaska sex offender act in that Congress did not intend the Adam Walsh Act to be punitive).

    iii.  The Defendants Did Not Deny Or Interfere With Plaintiff's Access To The Courts.

  To the extent that Plaintiff alleges that any of the named defendants violated his constitutional right of access to the courts for denying him a right to the law library, the claims should be dismissed. Plaintiff has failed to establish how any of the alleged conduct caused him to suffer any actual injury in any of his legal cases.

  It is well settled that inmates have a constitutional right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 823 (1977). In *Bounds*, the Court opined that meaningful access could be provided by availing to inmates adequately stocked law libraries or assistance from persons trained in the law. *Id*. In *Lewis v. Casey*, 518 U.S. 343 (1996), the Court explained that the plaintiff must show that as a result of defendant's actions, a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied, by inadequacies of the law library that he was unable even to file a complaint. *Id*.

19

In the instant action, Plaintiff has failed to demonstrate he suffered actual injury attributable to any unlawful or unconstitutional conduct by any of the named defendants. Plaintiff has specifically failed to address what type of lawsuit he was unable to file as a result of defendants allegedly denying him access to the law library while he was placed in the Special Housing Unit. Without an allegation of actual injury, Plaintiff lacks standing to bring this suit. Therefore, because Plaintiff has failed to demonstrate actual injury in the type of lawsuit that is constitutionally protected, he has failed to state a cognizable claim of denial of access to the courts, and the access to courts claims should be dismissed.

## H.    The Defendants Are Entitled to Qualified Immunity

Even if Plaintiff had attempted to sue the individuals personally, these claims would be subject to dismissal because the named and unnamed Federal Defendants would be entitled to qualified immunity. Had Plaintiff sought monetary damages against these Federal Defendants personally, qualified immunity shields government officials from suit in performance of a discretionary function unless that official's conduct violated a clearly established constitutional or statutory right of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Id.* The D.C. Circuit, in *Farmer v. Moritsugu*, 163 F.3d 610, 613 (D.C. Cir. 1998), explained:

> In short, "[a]n official is ... entitled to summary judgment [on
> qualified immunity grounds] unless '[t]he contours of the right
> [were] sufficiently clear that a reasonable official would [have]

> underst[ood] that what he [was] doing violate [d] that right.' "
> *Harris v. District of Columbia*, 932 F.2d 10, 13 (D.C. Cir. 1991)
> (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987), *aff'd*
> 922 F.2d 443 (8th Cir. 1990)).

By "provid[ing] government officials with the ability reasonably to anticipate when their conduct may give rise to liability for damages," *Anderson*, 483 U.S. at 646, the doctrine of qualified immunity strikes a balance between compensating those injured by official conduct and protecting the Government's basic ability to function. *Harlow*, 457 U.S. at 813-14. In other words, qualified immunity is designed to mitigate the social costs of exposing government officials to personal liability--costs such as "distraction of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public service." *Id.* at 816; *see also Harris v. District of Columbia*, 932 F.2d 10 at 13.

Here, Plaintiff is alleging that Federal Defendants violated his constitutional rights when he was placed in segregation and he seeks an order compelling the BOP to place him in a half-way house. Plaintiff also claims that the placement in segregation and neglect of his medical needs violated his Eighth Amendment rights. He claims that he has been denied adequate access to legal resources and the courts as well as that the Adam Walsh Act violated his constitutional rights. The Federal Defendants would be entitled to immunity because Plaintiff cannot show that his constitutional rights were violated. *Infra*. Named or unnamed, Plaintiff's complaint is completely silent on what actions, if any, these Federal Defendants purportedly took in furtherance of any alleged constitutional violations. As discussed above, conclusory allegations without supporting facts or allegations against each named defendant cannot form a *Bivens* claim upon which relief may be granted. *Martin v. Malhoyt*, 830 F.2d 237, 254 (D.C. Cir. 1987).

21

Assuming arguendo the complaint could be interpreted to sufficiently state each named defendant committed unconstitutional acts, as discussed above, plaintiff failed to articulate how his constitutional rights were clearly established. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Accordingly, even under the facts as alleged in the complaint, each of the named defendants is entitled to qualified immunity, and should be dismissed from this lawsuit.

## I. Injunctive Relief Is Not Warranted In This Case

As relief, Plaintiff seeks an immediate injunction ordering his removal from the penal system and to be placed on house arrest. Compl. at p. 9. Injunctive relief is not warranted in this case. The court should dismiss plaintiff's request for injunctive relief. The PLRA, 18 U.S.C. § 3626(a)(1), governs injunctive relief in inmate suits regarding prison conditions.[8] Specifically, the act provides, "prospective relief in any civil action with respect to 'prison conditions' shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). The court must make particularized findings of the federal right violated and the needs-narrowness-intrusiveness requirements under the Act. *See Ruiz v. United States*, 243 F.3d 941, 950-51 (5th Cir. 2001); *Cason v. Seckinger*, 231 F.3d 777, 785 (11th Cir. 2000).

---

[8]    The Supreme Court has defined "prison conditions" as any aspect of prison life. *Porter*, 534 U.S. at 532.

As established above, Plaintiff has failed to allege a constitutional violation because inmates have no protected liberty interest in being assigned to a particular institution or program. Therefore, there is no violation of a federal right upon which to base any injunctive relief.

### V.    Conclusion

Based on the foregoing, Defendants respectfully request that Plaintiff's complaint be dismissed with prejudice for failure to state a claim.

November 19, 2007                              Respectfully submitted,

                                      /s/

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


                                      /s/

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


                                      /s/

KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157
(202) 514-8780 (facsimile)


Ann H. Zgrodnik
Senior Counsel
Litigation Branch
Office of General Counsel
Bureau of Prisons

**CERTIFICATE OF SERVICE**

I certify I caused copies of the foregoing Defendants' Motion to Dismiss Plaintiff's

Complaint to be served by first class mail upon *pro se* plaintiff at:

Roger Jackman
R10507-081
Federal Transfer Center
Inmate Mail/Parcels
POB 098801
Oklahoma City, OK 73189

on this 19th day of November, 2007            _____/s/_____
                                                                                      KENNETH ADEBONOJO
                                                                                      Assistant United States Attorney

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROGER JACKMAN,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| | ) **Civil Action No. 07-0691 (RWR)** |
| **v.** | ) **(ECF)** |
| | ) |
| **UNITED STATES, et al.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### <u>ORDER</u>

UPON CONSIDERATION of the Federal Defendants' Motion to Dismiss Plaintiff's

complaint, support thereof, the grounds stated therefor and the entire record in this matter, it is by

the Court this

_____ day of _____, 2007, hereby

ORDERED that the said motion be and hereby is granted; and it is

FURTHER ORDERED that Plaintiff's complaint is dismissed with prejudice.


_____
UNITED STATES DISTRICT JUDGE

Copies to:

Kenneth Adebonojo
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C.  20530

Roger Jackman
R10507-081
Federal Transfer Center
Inmate Mail/Parcels
POB 098801
Oklahoma City, OK 73189

BOPOL                    PUBLIC INFORMATION                    11-02-2007
PAGE 001                      INMATE DATA                       10:02:17
                             AS OF 11-02-2007

REGNO..: 10507-081 NAME: JACKMAN, ROGER
COMP NO: 010          ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS          RESP OF: FTW / DESIGNATED, AT ASSIGNED FACIL
                     PHONE..: 817-534-8400   FAX: 817-413-3350
                                             RACE/SEX...: WHITE / MALE
FBI NUMBER.: 945978VA4                       DOB/AGE....: 06-28-1966 / 41
PROJ REL MT: GOOD CONDUCT TIME RELEASE       PAR ELIG DT: N/A
PROJ REL DT: 02-06-2013                      PAR HEAR DT:
-------------------------- ADMIT/RELEASE HISTORY ----------------------------
FCL     ASSIGNMENT  DESCRIPTION              START DATE/TIME STOP  DATE/TIME
FTW     A-DES       DESIGNATED, AT ASSIGNED FACIL 05-31-2007 0907 CURRENT
B17     RELEASE     RELEASED FROM IN-TRANSIT FACL 05-31-2007 1007 05-31-2007 1007
B17     A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 05-31-2007 0545 05-31-2007 1007
OKL     HLD REMOVE  HOLDOVER REMOVED         05-31-2007 0445 05-31-2007 0445
OKL     A-BOP HLD   HOLDOVER FOR INST TO INST TRF 05-14-2007 1721 05-31-2007 0445
A01     RELEASE     RELEASED FROM IN-TRANSIT FACL 05-14-2007 1821 05-14-2007 1821
A01     A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 05-14-2007 0956 05-14-2007 1821
ATL     HLD REMOVE  HOLDOVER REMOVED         05-14-2007 0956 05-14-2007 0956

G0002          MORE PAGES TO FOLLOW . . .

Case 1:07-cv-00691-RWR   Document 31-2   Filed 11/19/2007   Page 2 of 6

```
REGNO..: 10507-081 NAME: JACKMAN, ROGER
COMP NO: 010        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: FTW / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 817-534-8400   FAX: 817-413-3350
ATL   A-BOP HLD   HOLDOVER FOR INST TO INST TRF   05-02-2007 1208 05-14-2007 0956
B14   RELEASE     RELEASED FROM IN-TRANSIT FACL   05-02-2007 1208 05-02-2007 1208
B14   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL  05-02-2007 0423 05-02-2007 1208
TAL   HLD REMOVE  HOLDOVER REMOVED                05-02-2007 0423 05-02-2007 0423
TAL   A-BOP HLD   HOLDOVER FOR INST TO INST TRF   04-27-2007 1005 05-02-2007 0423
B16   RELEASE     RELEASED FROM IN-TRANSIT FACL   04-27-2007 1005 04-27-2007 1005
B16   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL  04-27-2007 0700 04-27-2007 1005
JES   TRANSFER    TRANSFER                        04-27-2007 0700 04-27-2007 0700
JES   A-DES       DESIGNATED, AT ASSIGNED FACIL   01-12-2007 0610 04-27-2007 0700
B16   RELEASE     RELEASED FROM IN-TRANSIT FACL   01-12-2007 0610 01-12-2007 0610
B16   A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL  01-12-2007 0245 01-12-2007 0610
TAL   HLD REMOVE  HOLDOVER REMOVED                01-12-2007 0245 01-12-2007 0245
TAL   A-BOP HLD   HOLDOVER FOR INST TO INST TRF   01-11-2007 1611 01-12-2007 0245


G0002       MORE PAGES TO FOLLOW . . .
```

Case 1:07-cv-00691-RWR    PUBLIC INFORMATION  Filed 11/19/2007    Page 3 of 6
                                                                10:02:17

REGNO..: 10507-081 NAME: JACKMAN, ROGER
COMP NO: 010          ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS          RESP OF: FTW / DESIGNATED, AT ASSIGNED FACIL
                     PHONE..: 817-534-8400    FAX: 817-413-3350
PRE-RELEASE PREPARATION DATE: 08-06-2012


THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  02-06-2013 VIA GCT REL


---------------------CURRENT JUDGMENT/WARRANT NO: 010 ---------------------

COURT OF JURISDICTION...........: UTAH
DOCKET NUMBER...................: 1:03-CR-00055-001DKW
JUDGE...........................: WINDER
DATE SENTENCED/PROBATION IMPOSED: 07-12-2004
DATE COMMITTED..................: 08-11-2004
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

G0002      MORE PAGES TO FOLLOW . . .

REGNO..: 10507-081 NAME: JACKMAN, ROGER
COMP NO: 010       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: FTW / DESIGNATED, AT ASSIGNED FACIL
                  PHONE..: 817-534-8400   FAX: 817-413-3350


                   FELONY ASSESS   MISDMNR ASSESS   FINES        COSTS
NON-COMMITTED.:    $100.00         $00.00           $00.00       $00.00


RESTITUTION...:  PROPERTY:  NO   SERVICES:  NO        AMOUNT:  $00.00


-------------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  511
OFF/CHG: 18 U.S.C. 2251 SEXUAL EXPLOITATION OF CHILDREN.

    SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
    SENTENCE IMPOSED/TIME TO SERVE.:  135 MONTHS
    TERM OF SUPERVISION............:   60 MONTHS


G0002        MORE PAGES TO FOLLOW . . .

Case 1:07-cv-00691-RWR   Document 31-2   Filed 11/19/2007   Page 5 of 6

```
REGNO..: 10507-081 NAME: JACKMAN, ROGER
COMP NO: 010           ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS           RESP OF: FTW / DESIGNATED, AT ASSIGNED FACIL
                       PHONE..: 817-534-8400    FAX: 817-413-3350
 DATE OF OFFENSE................: 12-02-2002


-----------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 09-24-2004 AT FLF AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 07-12-2004
TOTAL TERM IN EFFECT............:   135 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    11 YEARS       3 MONTHS
EARLIEST DATE OF OFFENSE........: 12-02-2002


G0002        MORE PAGES TO FOLLOW . . .
```

Case 1:07-cv-00691-RWR   Document 31-2   Filed 11/19/2007   Page 6 of 6

```
REGNO..: 10507-081 NAME: JACKMAN, ROGER
COMP NO: 010       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS       RESP OF: FTW / DESIGNATED, AT ASSIGNED FACIL
                   PHONE..: 817-534-8400   FAX: 817-413-3350
JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                    04-21-2003     07-11-2004


TOTAL PRIOR CREDIT TIME.........: 448
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 529
TOTAL GCT EARNED................: 216
STATUTORY RELEASE DATE PROJECTED: 02-06-2013
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 07-20-2014


PROJECTED SATISFACTION DATE.....: 02-06-2013
PROJECTED SATISFACTION METHOD...: GCT REL

S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROGER JACKMAN,                          )
        PLAINTIFF,                    )
                                      )
                                      )
      v.                              )     Civil Action No. 07-691-RWR
                                      )
                                      )
UNITED STATES OF AMERICA, et al.,       )
        DEFENDANTS.                   )
_____ )

## DECLARATION OF BRUCE W. PLUMLEY

I, Bruce W. Plumley, hereby make the following declaration:

1.    I am currently employed by the Federal Bureau of Prisons (BOP) as an Administrative Remedy Specialist. My business office is located at the Central Office in Washington, D.C. I have held this position since August 22, 2005.

2.    As Administrative Remedy Specialist, I have access to the various databases and files concerning Administrative Remedy claims filed pursuant to the Administrative Remedy Program (28 C.F.R. § 542.10), which are maintained by the Bureau of Prisons in the ordinary course of business. In particular, I have access to the BOP database known as SENTRY, a computerized data base which maintains records of all administrative remedies filed by an inmate, the dates thereof, and their dispositions. These records reflect every administrative remedy claim filed by an inmate housed in an institution operated by the Bureau of Prisons.

3.    The BOP's administrative remedy procedure is set out in 28 C.F.R. § 542.10 et seq., and provides formal review of any complaint which relates to any aspect of the inmate's confinement. Within this process, inmates are encouraged to first attempt resolution of their complaints informally by discussing the matter with a member of their unit team. A record of the attempt is signed by the inmate and a member of the unit team. If informal resolution is insufficient to resolve the matter, the inmate may submit a formal written Administrative Remedy Request to the Warden, on a designated form, within 20 days of the event that triggered the inmate's complaint. 28 C.F.R. § 542.14 (a). If the inmate is not satisfied with the Warden's response, he or she may appeal the response to the Regional Director, within 20 calendar days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the regional response, he or she may file a national appeal with the Office of General Counsel (in the Central Office) in Washington, D.C. within 30 calendar days of the date the Regional Director

signed the response. Id. Appeal to the Central Office is the final administrative appeal
in the BOP. No request for administrative remedy is considered to have been fully
exhausted until Central Office has issued a formal response to the inmate.

4.    I have reviewed the SENTRY database for administrative remedy requests filed by the
Plaintiff Roger Jackman, Register Number 10507-081, who is currently housed at the
Federal Correctional Institution (FCI) in Fort Worth, Texas. This review revealed that
Plaintiff has submitted a total of nine (9) Administrative Remedy Requests and Appeals.

5.    SENTRY records indicate that on December 6, 2006, Plaintiff submitted a Request for
Administrative Remedy with the Warden of FCI Ray Brook, New York, requesting an
appointment for prescription eye glasses (435833-F1). Plaintiff's request was denied on
December 13, 2006. Plaintiff did not appeal this response to the Regional Director or
General Counsel.

6.    On December 6, 2006, Plaintiff submitted a Request for Administrative Remedy to the
Warden of FCI Ray Brook regarding missing books/pages from the law library in the
Special Housing Unit (435838-F1). On December 18, 2006, Plaintiff's request was
denied. Following his December 2006 transfer from FCI Ray Brook to FCI Jesup,
Georgia, Plaintiff appealed the previous Warden's decision to the Southeast Regional
Director (435838-R1) which, the record shows, was received on February 13, 2007. It
was rejected for technical flaws with the submission. Plaintiff was advised to resubmit
the appeal within ten days. Plaintiff resubmitted his Regional Administrative Appeal to
the Southeast Regional Director (435838-R2). It was received on March 15, 2007, and
an explanatory response was written on April 13, 2007. Plaintiff did not appeal this
response to the General Counsel.

7.    On March 23, 2007, Plaintiff submitted a Request for Administrative Remedy with the
Warden of FCI Jesup regarding mishandling of legal mail (446583-F1). Plaintiff's
request was denied on April 6, 2007. Records indicate that Plaintiff did not appeal this
response to the Southeast Regional Director or General Counsel.

8.    On March 23, 2007, Plaintiff submitted a Request for Administrative Remedy with the
Warden of FCI Jesup requesting an eye examination (446584-F1). The Warden
provided an explanatory response to the Plaintiff's request on April 9, 2007. Plaintiff
did not appeal this response to the Regional Director or General Counsel.

9.    On March 23, 2007, Plaintiff submitted a Request for Administrative Remedy with the
Warden of FCI Jesup regarding staff hindering his access to the courts (446585-F1).
Plaintiff's request was denied on April 5, 2007. Plaintiff did not appeal this response to
the Regional Director or General Counsel.

10.   On March 23, 2007, Plaintiff submitted a Request for Administrative Remedy with the
Warden of FCI Jesup seeking corrections to a detention order (446587-F1). Plaintiff's
request was denied on April 6, 2007. On April 23, 2007, Plaintiff's appeal of the

Warden's decision was received by the Northeast Regional Office. Regional Administrative Remedy Appeal (446587-R1) was rejected on April 25, 2007, because it was submitted to the wrong Regional Office, as the inmate was located in the Southeast Region. Records show Plaintiff was transferred from the Southeast Region to the South Central Region, specifically FCI Fort Worth, Texas, in May 2007. Records show Plaintiff did not resubmit this appeal to either of these Regional Offices.

11.   Review of SENTRY reveals Plaintiff did not pursue any of his administrative remedy submissions to exhaustion. Therefore, Plaintiff has not exhausted his available administrative remedies regarding the issues described above and addressed in this complaint.

In accordance with 28 U.S.C. §1746, I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of November 2007 in Washington, D.C.

_____
BRUCE W. PLUMLEY
Administrative Remedy Specialist
Office of General Counsel