UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROGER JACKMAN, | ) |
|       Plaintiff | ) |
| v. | ) Civil Action No. 07-0691 (RWR)<br>) (ECF) |
| UNITED STATES, et al. | ) |
|       Defendants. | ) |

**REPLY MEMORANDUM IN RESPONSE TO PLAINTIFF'S OPPOSITION
TO FEDERAL DEFENDANTS' MOTION TO DISMISS**

Roger Jackman, *pro se*, Register Number 10507-081 ("Plaintiff") has incoherently opposed Federal Defendants' Motion to Dismiss. Plaintiff brings this action pursuant to 42 U.S.C. 1983 wherein he appears to allege various constitutional claims against the United States of America and its agents.[1] Plaintiff appears to allege violations of his constitutional rights under the First, Fifth and Eighth Amendments as well as the constitution's *ex post facto* clause by named and unnamed federal employees for which he seeks equitable and monetary relief.[2]

---

[1] Plaintiff names the Department of Justice (Management and Policy Makers); the Bureau of Prisons (Management and Policy Makers); BOP National Office of General Counsel (Management and Policy Makers); BOP Regional Offices (North Central, Northeastern, Southeastern Management and Policy Makers); Wardens, Assistant Wardens, Policy Makers, Captains, Lieutenants, SHU Lieutenants, SHU Property Officers at FCI Ray Brook; Direct Unit Managers, Counselors, Supervisors of Education, Opticians, Dentists, Chief Medical Officers- At time of incarceration at FCI Allenwood, FCI Florence, FCI Schuylkill, FCI Ray Brook, FCI Jesup, USP Lewisburg, and USP Atlanta; Unknown Officer, FCI Florence.

[2] Plaintiff specifically named Federal Defendants Michaeleen Powanda and Stephen Kirkpatric but made no legally sufficient allegations about how these Federal Defendants violated his constitutional rights. To date, Plaintiff has still not served Federal Defendants Powanda and Kirkpatric as required by the Federal Rules.

In his opposition, Plaintiff has not presented any arguments that would rebut Federal Defendants' contentions that Plaintiff cannot maintain a 1983 claim against Federal Defendants; this Court lacks personal jurisdiction over Federal Defendants named and unnamed including Powanda and Kirkpatric both of whom reside in the District of Utah; venue is improper in this District; respondeat superior bars this action; failure to exhaust his PLRA remedies ; and the individual Defendants are protected by qualified immunity.

Relying on *Hearns v. Morris*, 526 F.Supp. 267 (E.D. Ca 1981), Plaintiff appears to argue that "people [who] set policy...are liable even if not directly involved in enforcing said policy." Pl. Opp. at 15.  Plaintiff's reliance on *Hearns* is misplaced.  *Hearns* involved a prisoner's First Amendment challenge to prison content-neutral regulation governing correspondence between inmates and minor females.  *Id*. at 268-70.  Other than a passing observation that prison rules that deal with non-internal security merit less deference than those that do, the *Hearns* court did not even come close to dealing with policymakers' liability.  Although the court invalidated the rule, it did so because of the minor children's parents' First Amendment rights, not the prisoner's.  *Id*. at 272.  The law in this Circuit is clear.  In order to establish an individual's liability under *Bivens*, a plaintiff must establish that persons's personal involvement.  *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993).

Plaintiff also appears to argue that the caption of "Bivens v. Six Unknown Federal Narcotic Agents," suggests that he need not name those who have abused him.[3]  Pl. Opp. at 15.

---

[3]     The case is actually captioned *Bivens v. Six Unknown <u>Named</u> Agents of the Fed. Bur. of Narc*., 403 U.S. 388 (1971)[emphasis added].  Plaintiff's other arguments are similarly illogical.  For example, in response to Federal Defendants' argument that this court lacks personal jurisdiction over individuals outside the District of Columbia, he argues that a federal court in Washington, D.C., should have jurisdiction over all federal employees.  Pl. Opp. at 17.

Plaintiff overlooks the fact that in the *Bivens* case, the defendants were named and directly involved in the alleged wrongdoing. Here, the unnamed policymakers and management have had no direct contact with him and therefore cannot be held liable. *Cameron, supra*.

Regarding his Eighth Amendment claim, Plaintiff maintains in a conclusory manner that he has been denied optical services, dental treatment and access to a doctor. But has not pled any facts establishing that he has a serious medical need and that the Federal Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Arnold v. Moore*, 980 F.Supp. 28, 34 (D.D.C.1997). Similarly, Plaintiff does not state a Sixth Amendment claim because he has not demonstrated, *inter alia*, that he wished to bring an action before the courts but was so stymied by inadequacies of the law library, that he was unable even to file a complaint. *Bounds v. Smith*, 430 U.S.817, 823 (1977).

The balance of Plaintiff's reply is a philosophical discussion about the penal system that is not responsive to Federal Defendants' Motion to Dismiss. Since Federal Defendants' Motion to Dismiss, Plaintiff filed a "Motion to Extend to Perfect Complaint." *Docket Ent. 35*. Federal Defendants respectfully request that the motion be denied as futile in light of the insurmountable arguments in favor of dismissal. For reasons set forth here and in their motion, Federal Defendants respectfully request that Plaintiff's complaint be dismissed with prejudice.

February 29, 2008                    Respectfully submitted,

                                                                         _/s/_____
                                                                         JEFFREY A. TAYLOR, D.C. BAR # 498610
                                                                         United States Attorney

---

This proposition is clearly wrong. *Harrison v. Lappin*, 2006 U.S. App. Lexis 17554 (D.C. Cir. 2006).

    /s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

  /s/
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157
(202) 514-8780 (facsimile)

COUNSEL FOR FEDERAL DEFENDANTS

## CERTIFICATE OF SERVICE

I certify I caused copies of the foregoing Reply Memorandum in Response to Plaintiff's Opposition to Federal Defendant's Motion to Dismiss to be served by first class mail upon *pro se* plaintiff at:

Roger Jackman
R10507-081
Federal Transfer Center
Inmate Mail/Parcels
POB 098801
Oklahoma City, OK 73189


on this 29th day of February, 2008         /s/_____
                                           KENNETH ADEBONOJO
                                           Assistant United States Attorney