# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROGER JACKMAN, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 07-691 (RWR) |
| UNITED STATES OF AMERICA *et al.*, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Roger Jackman, proceeding *in forma pauperis,* filed this *pro se* complaint alleging violations of several of his constitutional protections and naming numerous defendants. Defendants have filed three motions to dismiss the complaint, which the plaintiff has opposed. The claims against all defendants will be dismissed for failure to state a claim upon which relief may be granted. All other pending motions will be denied as moot.

## I.  BACKGROUND

Jackman, a prisoner serving a federal sentence, brings this action under 42 U.S.C. § 1983, alleging violations of his First, Fifth, Eighth, Ninth, and Fourteenth Amendment rights, as well as his constitutional protection against being subjected to *ex post facto* laws.[1] The complaint's caption identifies a long list of categories of persons — primarily "management and policy

---

[1]  The complaint also refers to 5 U.S.C. § 701, *see* Compl. at 3, which codifies a part of the Administrative Procedure Act ("APA"), 5 U.S.C. § 501 *et seq.*, but the complaint does not mention the APA or otherwise identify any specific agency action that is being challenged. Accordingly, the complaint does not state a claim upon which relief may be granted under the APA.

makers" of the Department of Justice, the Bureau of Prisons ("BOP"), and its "National Office of General Counsel," and command, supervisory, case management and medical staff in several BOP facilities — as well as the United States Marshal for Utah, the Office of the Federal Public Defender, the State of Utah, Rod Layton-Weber, Stephen Kirkpatric, Julie George, and "Physician's Assistant Powanda."[2]  A sweeping complaint, it is also non-specific.  It alleges generally that the defendants either make or execute policies and procedures that have encroached on plaintiff's rights.  Compl. ¶ 1.  It also alleges that the plaintiff is housed under unsafe conditions, *id.* ¶ 2, that he is mistreated by staff, who allow or encourage the plaintiff's physical, sexual, and psychological harassment and abuses, rape and torture, extortion, theft of personal property, "loss, injury, pain, disfigurement, permanent disability and/or death."  *Id.* ¶ 5. It alleges that the plaintiff has been placed in segregated housing units for his own safety without due process, *id.* ¶¶ 8, 11, that he is deprived of programs and other liberties while he is in segregation, *id*. ¶¶ 11-12,  that he is housed with other inmates who represent a threat to his safety and well-being and have also physically, mentally, and sexually abused the plaintiff, *id.* ¶ 9, and that he has suffered embarrassment and humiliation when he was forced to wear torn prison clothing in front of others.  *Id.* ¶ 10.  Further, the complaint alleges that plaintiff has received inadequate medical, dental, and optical care and been denied psychological treatment and rehabilitation, and that he suffers from numerous, specified physical and mental maladies because of this neglect.  *See id.* ¶¶ 14-16.  The complaint alleges that the neglect of his medical needs constitutes deliberate indifference and is "cruel and/or wanton."  *Id.* ¶ 17.

---

[2]  Judges, clerks, and prosecutors named as defendants were already dismissed from this action.

As equitable relief related to these prison conditions, the complaint seeks an unspecified declaratory judgment, and an immediate injunction and order removing the plaintiff from "the penal system, [to] be placed on house arrest — property included — where I can safely fulfill my 'debt' to society, and away from my oppressors and those [who] seek to rob me of my Constitutional rights, and no longer be relegated to fear and abuse." *Id.* ¶ 30.  It seeks further relief in the form of "outside medical, dental, optical, and psychological care . . . to be paid for by the BOP," *id.* ¶ 31, and an amount paid annually to his guardian that is equivalent to half the amount the BOP spends annually to incarcerate him, "paid at the <u>start</u> of the year beginning with date of transfer" through the end of his sentence in 2013.  *Id.* ¶ 32.  In addition, the complaint seeks an order requiring that "funding be appropriated" for housing, "protection, care, and voluntary treatment of all sex offenders, and for the study of [the] cause and cure of sex offenses, hot lines and assistance groups," among other programs.  *Id.* ¶ 34.  As damages, the complaint seeks twenty million dollars (apparently in compensatory damages) and "an additional $500,000 in penalty from each defendant, 10% to be paid on award of suit."  *Id.* ¶ 36.

The complaint also alleges that

> since before his arrest, the plaintiff has suffered a complete loss of due process,
> equal protection, a fair trial and fair and adequate representation, denied access to
> all case information, given intentionally misleading information from his lawyer,
> who did not file requested motions and only gave the plaintiff brief access to his
> erroneous PSI which went uncorrected and is solely relied upon by the BOP for
> case information; and was coerced into a guilty plea, uninformed, and by threats
> by the prosecution and others in the case of purported gang affiliation.

*Id.* ¶ 19.  It states that the plaintiff did not have adequate access to the prison law library, or adequate access to documents relevant to his post-conviction § 2255 proceeding.  *Id.* ¶¶ 21-22. Alleging a "total denial of access to the courts," the complaint states that "plaintiff has suffered a

complete loss of all his Constitutional rights." *Id.* ¶ 23.  As related relief, the complaint seeks an

order that requires "all facilities, both public and private, which hold federal inmates," to have a

"<u>complete</u> basic law library" for the segregated housing units in the facilities.  *Id.* ¶ 35.

The complaint alleges that the "Adam Walsh Act," 42 U.S.C. § 16901 *et seq.*

(establishing a comprehensive national system requiring convicted sex offenders to register),

violates the constitutional prohibition against enacting *ex post facto* laws.  *Id.* ¶¶ 24-25, 28.  It

seeks to suspend the "Adam Walsh Act, registration, web sites, and all other requirements of sex

offenders . . . until such actions can be proven valid and just . . . and if proven valid, these

requirements be made of <u>all</u> crimes equally."  *Id*. ¶ 33.

## II.  DISCUSSION

On a motion made under Rule 12(b)(6), Fed. R. Civ. P., to dismiss a complaint for failure

to state a claim upon which relief may be granted, a court assumes all factual allegations in the

complaint to be true, even if they are doubtful.  *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955,

1965 (2007); *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994) (noting

that a court must construe the complaint "liberally in the plaintiffs' favor" and "grant plaintiffs

the benefit of all inferences that can be derived from the facts alleged").  A court need not,

however, "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts

set out in the complaint.  Nor must [a] court accept legal conclusions cast in the form of factual

allegations."  *Kowal,* 16 F.3d at 1276.  In deciding a Rule 12(b)(6) motion, a court is limited to

considering "the facts alleged in the complaint, documents attached as exhibits or incorporated

by reference in the complaint, and matters about which the Court may take judicial notice."

*Gustave-Schmidt v. Chao,* 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citations omitted).  On a

Rule 12(b)(6) motion to dismiss the complaint, a *pro se* complaint is entitled to a liberal

construction.  *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

A.    *Section 1983 Claims*

This action is brought under 42 U.S.C. § 1983, which provides in pertinent part, that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  To state a claim under § 1983 for a violation of one's constitutional

protections, a complaint must allege facts sufficient to support a reasonable inference that (1) a

person (2) acting under color of state, territorial, or District of Columbia law (3) subjected the

plaintiff or caused the plaintiff to be subjected (4) to the deprivation of a right secured by the

Constitution or laws of the United States.  *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 829

(1985).

1.    Claims against the State of Utah

The State of Utah has moved to dismiss the complaint against if for failure to state a

claim upon which relief may be granted against the State.  *See* Def. State of Utah's Mot. to

Dismiss under Rule 12(b)(6) at 1.  The complaint does not contain any allegation of fact that

mentions the State of Utah or that remotely implicates the State of Utah in any way in any of the

events or circumstances that plaintiff identifies as alleged violations of his rights.  Plaintiff's two

oppositions do not mention the State of Utah.  In fact, Utah is not mentioned except insofar as it

is the geographic location of the United States District Court that imposed judgment and sentence

on Jackman in connection with his criminal case.  On this record, the complaint does not state a claim upon which relief may be granted against the State of Utah.  In any event, the State of Utah has raised in its defense its immunity to suit under the Eleventh Amendment.  *See id.* Accordingly, the State of Utah is entitled to be, and will be, dismissed from this suit.

> 2. Claims against Julie George

Julie George has filed a motion to dismiss on multiple grounds, including failure to state a claim upon which relief may be granted against her.  *See* Def. George's Mot. to Dismiss at 2. George was appointed by the United States District Court for the District of Utah to represent Jackman in his criminal proceedings, after Jackman's first Criminal Justice Act attorney withdrew from the case.  *See id.* at 3.  Except for listing her name in the caption, the complaint itself does not contain any allegation of fact that expressly mentions George.  Because she was not the only counsel appointed to represent Jackman during his criminal proceedings, there is no basis on which to draw inferences about allegations specific to George, even for allegations specific to defense counsel.[3]  The complaint does not allege, and there is no basis on which to infer, that George acted under color of state law in her dealings with Jackman, which is an

---

[3]  In his opposition, plaintiff expresses his dissatisfaction with George in relation to plaintiff's request to the United States Marshals Service ("USMS") for a replacement pair of eye glasses.  *See* Pl.'s Reply to All Responses by Defendants at 8.  In a second submission, in addition to expressing general dissatisfaction with her performance as his defense counsel, *see* Pl.'s Response to . . . Motion to Dismiss Julie George at 1-2, the plaintiff states that through her, he asked for a new pair of eye glasses, and that George informed him that the USMS "said he must wait until he was 'in the system' to receive his glasses."  *Id.* at 2.  He concluded that "either the US Marshal[]s denied this service of a medical nature  . . . or the service was never requested. Thus Ms. George lied to her client causing him to suffer."  *Id.*  Even if these statements in plaintiff's oppositions were construed to expand the facts alleged in the complaint, they do not alter the legal analysis that plaintiff has failed to state a claim upon which relief may be granted against George for deprivation of plaintiff's civil rights enumerated in the complaint.

essential element of a § 1983 claim.  When appointed counsel performs "a lawyer's traditional function as counsel to a defendant in a criminal proceeding," she is not acting under color of law, regardless of who pays the bill for the defense services.  *Polk County v. Dodson,* 454 U.S. 312, 325 (1981).  Accordingly, the plaintiff has failed to allege facts sufficient to state a claim upon which relief may be granted against George, and she will be dismissed from the action.

      3.      <u>Claims against Powanda, Rod Layton-Weber and Stephen Kirkpatric</u>

The complaint does not mention Physician's Assistant Powanda, Rod Layton-Weber or Stephen Kirkpatric in any of its factual allegations.  There is no allegation in the complaint that gives rise to a reasonable inference that any of these defendants did anything that would constitute a violation of the plaintiff's rights.  The docket in this case shows that both Layton-Weber and Kirkpatric were served with a summons and complaint but neither has pled or otherwise defended himself.[4]  Such conduct by a defendant is affirmatively disapproved. However, upon close reading of this complaint, it is plain that it states no claim for which relief may be granted against Powanda, Layton-Weber or Kirkpatric.  Therefore, the complaint will be dismissed *sua sponte* as to Powanda, Layton-Weber and Kirkpatric in accordance with the authority conferred in 28 U.S.C. § 1915A(b)(1).

      4.      <u>Claims against the remaining federal defendants</u>

It is evident from the complaint's caption and text, which identify the remaining federal defendants by position or office and not by individual name, that those federal defendants are sued only in their official capacities.  As such, the suit against them is the equivalent of one

---

[4]  The docket indicates that Kirkpatric is represented by counsel who has entered an appearance on his behalf, but not otherwise defended him.

against the United States. *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985). Plaintiff's cause

of action under § 1983 cannot be maintained against the United States or its officers because

"[s]ection 1983 does not apply to federal officials acting under color of federal law." *Settles v.*

*United States Parole Comm'n,* 429 F.3d 1098, 1104 (D.C. Cir. 2005); *see also District of*

*Columbia v. Carter,* 409 U.S. 418, 425 (1973) (stating that "actions of the Federal Government

and its officers are at least facially exempt" from the proscriptions of § 1983). Accordingly, the

§ 1983 claims will be dismissed for failure to state a claim upon which relief may be granted.[5]

B.      *The Ex Post Facto Claim*

        The constitution prohibits Congress from passing any *ex post facto* law. U.S. CONST. art.

I, § 9. cl. 3. "'[A]ny statute . . . which makes more burdensome the punishment for any crime,

after its commission . . . is prohibited as *ex post facto.*'" *Collins v. Youngblood,* 497 U.S. 37, 42-

43 (1990) (quoting *Beazell v. Ohio,* 269 U.S. 167, 169-70 (1925)). "Critical to relief under the

*Ex Post Facto* Clause is not an individual's right to less punishment, but the lack of fair notice

and governmental restraint when the legislature increases punishment beyond what was

prescribed when the crime was consummated." *Weaver v. Graham,* 450 U.S. 24, 30 (1981).

---

        [5] Any liberal construction of plaintiff's constitutional tort claims as something other than
§ 1983 claims would be futile. "The United States, as sovereign, is immune from suit save as it
consents to be sued . . . ." *United States v. Sherwood,* 312 U.S. 584, 586-87 (1941). Congress
has not waived the federal government's sovereign immunity with respect to constitutional torts,
and the United States is immune from suit for damages for constitutional torts. *See F.D.I.C. v.*
*Meyer,* 510 U.S. 471 (1994) (holding that the United States may not be sued under the Federal
Tort Claims Act for a constitutional tort and that federal agencies may not be sued under *Bivens*
*v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)).

The complaint expresses dissatisfaction with the registration requirements of the Adam Walsh Act and other sex offender registration requirements.[6]  *See id.* ¶¶ 24-28, 33.  The Adam Walsh Act was adopted in 2006, after the plaintiff was convicted in 2004 of the crime for which he is currently incarcerated.  *See* Federal Defs.' Mot. to Dismiss, Attachment 1, SENTRY print out (providing information on plaintiff's conviction).  However, the complaint does not allege facts sufficient to support a reasonable inference that the registration requirements of the Adam Walsh Act make "more burdensome the punishment" for plaintiff's crime, as is required for an *ex post facto* claim.  In light of the Jacob Wetterling Act, 42 U.S.C. § 14072 *et seq.*, which was in effect between 1994 and 2006 and also required that convicted sex offenders register, *see United States v. Gillette,* 553 F. Supp. 2d at 526, the plaintiff has not alleged facts that demonstrate the registration requirement has changed as it applies to him.

### III.  CONCLUSION

Because the complaint fails to state a claim under § 1983 as to any defendant, and also fails to state an *ex post facto* claim, it will be dismissed.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  All other pending motions will be denied as moot.  An appropriate order accompanies this memorandum opinion.

---

[6]  If the complaint challenged the punishment authorized by the Adam Walsh Act, 18 U.S.C. § 2250, the *ex post facto* analysis might well be different.  *See United States v. Gillette,* 553 F. Supp. 2d 524 (D.V.I. 2008).  However, the complaint mentions only the registration provisions, not the punishment provisions.  Even if it did mention the punishment provisions in relation to the *ex post facto* claim, this plaintiff has not demonstrated that the matter of punishment for failure to register is ripe or that he has standing to bring such a claim.

SIGNED this 30th day of March, 2009.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge
